## Esther L. Kohn v. Ezra J. Warner et al.

1. MORTGAGES—*Priority of Lien.*—A firm of brokers negotiated a loan of $12,000 for the owner of certain real estate. They prepared two notes, one for $9,000 and one for $3,000, also interest notes, and trust deeds securing the notes. The notes and deeds were dated April 22, 1895, and left with the brokers for sale. The $9,000 incumbrance they placed of record April 30, 1895, and the $3,000 one May 9, 1895. They charged full commissions for negotiating the loan, on April 22, 1895, and when the first payment of interest was due on the $9,000 mortgage, they charged such interest from the date of the note. On May 2, 1895, defendant became the owner of the $3,000 mortgage, and the $9,000 mortgage was sold by the brokers in January, 1896. *Held,* that the $9,000 note secured by trust deed was purchased by the brokers, and they were the purchasers from the time it was delivered to them until they sold it in January, 1896. It was recorded before the other mortgage, and was made superior to the $3.000 mortgage in the title guaranty certificate, and is therefore superior to such mortgage.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed December 22, 1902.

In April, 1895, John J. Leary owned certain real estate, subject to a deed of trust held by Knott & Lewis for $10,000, then maturing. For the purpose of paying off the $10,000 mortgage and other charges upon the property. Leary called upon the firm of Loeb & Co., real estate agents and mortgage brokers, and by written application requested these brokers to negotiate for him a loan of $12,000 upon his property. By this application Leary agreed to pay Loeb & Co. a brokers' commission of five per cent for negotiating the loan, and further authorized his brokers to receive the proceeds and disburse the same in payment of expenses and prior liens, including taxes and insurance. Loeb & Co. thereupon prepared a note for $9,000, due in five years, interest notes and trust deed securing the same, and also a note for $3,000, due in three years, interest notes and trust deed. The notes were all dated April 22, 1895, payable to the makers, and Leary and wife

at one and the same time signed and indorsed all the notes. At the same time Leary and wife executed the two trust deeds, both of which bore even date with the notes, were similar in form and covenants and conveyed to the same trustee the same "mortgaged premises." These notes and trust deeds were left with Loeb & Co. for sale. The $3,000 note and trust deed were sold to appellant and the $9,000 note and trust deed were sold to one C. F. Gray, from whom Warner purchased the same. Loeb & Co. paid off the Knott & Lewis trust deed, the taxes and other liens upon the premises, insurance premiums and expenses of loan. The Warner mortgage not being paid at maturity, he began a foreclosure proceeding, claiming that his trust deed was a first lien upon the premises. He made appellant a defendant. She answered and filed her cross-bill in the cause for the foreclosure of the Kohn mortgage. In her cross-bill, appellant alleged that the Kohn and Warner mortgages were executed simultaneously, and as parts of one and the same transaction; that appellant, on May 2, 1895, became the owner of the Kohn mortgage, and on that day paid to Leary and wife the entire principal and interest thereby evidenced; that at that time and at the time of the recording of the Kohn trust deed on May 9, 1895, nothing had been paid to Leary and wife on account of the Warner mortgage, and that at that time and for a long time thereafter the Warner mortgage was the property of and in the possession of said Leary and wife; that the Warner mortgage is subsequent as a lien to the Kohn mortgage, and subject thereto.

Issues having been joined on bill and cross-bill, the cause was referred to a master in chancery for hearing. The master by his report found that the Warner mortgage being first of record, was a first lien upon the premises. This report, upon argument, was confirmed by the chancellor. From the decree entered thereon appellant perfected this appeal.

Jacob W. Loeb and Sigmund E. Loeb, attorneys for appellant.

JAY D. MILLER, attorney for appellees; ROSENTHAL, KURZ
& HIRSCHL, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the
court.

It is admitted that Loeb & Co. took these two principal
notes and the trust deeds, respectively, securing the same
from Leary to sell for the purpose of paying off the Knott
& Lewis incumbrance, the taxes and other liens upon the
property, their expenses and commissions, and to render
the overplus, if any, to Leary. *

It is claimed that appellant, who is the daughter of Will-
iam Loeb, the trustee in said two trust deeds, he being
a member of the firm of Loeb & Co., purchased and paid
for the $3,000 note and trust deed about May 2, 1895, and
that Gray purchased and paid for the $9,000 note and trust
deed January 10, 1896.

Loeb & Co., while these notes were in their possession,
recorded the trust deeds. The $9,000 incumbrance, known
as the " Warner mortgage," they placed of record April
30, 1895; and the $3,000 incumbrance, known as the " Kohn
mortgage," they placed of record May 9, 1895. Each of
these trust deeds, which were identical in all covenants and
agreements, bore the same date, April 22, 1895, and were
signed and acknowledged by Leary and wife at one and
the same time. The principal note in the Kohn mortgage
matured three years after date, and that in the Warner
mortgage ran for the term of five years from date.

Loeb & Co., on April 30, 1895, procured a title guarantee
policy upon the Warner mortgage, showing no incum-
brances except the " rights or claims of parties in posses-
sion, not shown of record." On the 9th of May, 1895, Loeb
& Co. procured another title guarantee policy upon both of
these mortgages, subject only as last above, and adding, " No
guaranty is hereby made as to priority of lien of the trust
deeds described in Schedule ' A ' of this policy." The trust
deeds referred to are the two trust deeds which are here
involved.

Loeb & Co., on May 9, 1895, procured a third title guarantee

policy upon the Kohn mortgage, subject to the rights of parties in possession, and also subject to the $9,000 Warner mortgage, which was recorded April 30, 1895.

When Loeb & Co. took these two trust deeds from Leary and wife, they opened and kept the following account upon their books:

"CHICAGO, April 22, 1895.
JOHN J. & BRIDGET ANN LEARY.
    In account with A. LOEB & BROTHER.

Credit.

By cash on account of loans, $9,000
    & $3,000................................$12,000 00

| | | |
|---|---|---:|
| | To cash on account of commission......... | $600 00 |
| | To cash on account of continuation of abstract.............. | 10 00 |
| | To cash on account of recording fees...... | 1 30 |
| | To cash on account of examination of title, title guarantee policy................. | 55 00 |
| | To cash on account of insurance.......... | |
| | To cash on account of Rec. 2nd trust deed. | 1 30 |
| May 28th | To cash on account of to check currency.. | 325 00 |
| June 4 | To cash on account of Loeb & Adler fee.... | 20 00 |
| 7 | To cash on account of check currency...... | 50 00 |
| 11 | To cash on account of Knott & Lewis Enc. & release.......... | 10,075 00 |
| 11 | To cash on account of recording release.... | 65 |
| May 18 | To cash on account of to check taxes....... | 660 98 |
| May 18 | To cash on account of to check........... | 50 00 |
| June 12 | To cash on account of to check........... | 150 77 |
| | | —$12,000 00 |

Know all men by these presents, that we, John Leary and Bridget Ann Leary, in consideration of the sum of one hundred and fifty 77-100 dollars to us in hand paid by A. Loeb & Brother, being the balance coming to us on the above loan after deducting from such . . . . . . all commissions, expenses and disbursements, according to agreements, as above correctly specified, do hereby acknowledge full satisfaction and payment of any and all claim which . . . . . . may have against said A. Loeb & Brother on account of said . . . . . . and hereby acknowledge the correctness of the settlement above made and of the notes and trust deeds heretofore executed by . . . . . .

Witness our hand and seal this twelfth day of June, 1895.

JOHN J. LEARY,      [SEAL]

BRIDGET A. LEARY,      [SEAL]

By J. J. LEARY, her agent."

It will be seen from an inspection of this account that Loeb & Co., on April 22, 1895, credited Leary and wife with the proceeds of both of these principal notes, and on the same day charged them with full commissions ($600) for negotiating the loans. They follow these items by a charge of $55 for the title guarantee certificate upon the Warner mortgage, in which that mortgage is subject to nothing except the rights of parties in possession. May 5, 1895, Loeb & Co. charge Leary and wife, for taxes paid, the sum of $660.98. June 11, 1895, they paid off the Knott & Lewis prior incumbrance at a cost of $10,075. June 12, 1895, they paid Leary and wife $150.77, thus expending and accounting for the entire $12,000, and then took their receipt in full to close the account.

From a careful examination of the whole record, we are satisfied that Loeb & Co. became the purchasers of the Warner mortgage, and that in law and in equity they were such purchasers from the time it was delivered to them by Leary and wife until the time they sold it to Gray. On the date that they received the Warner mortgage they credit Leary and wife with its face value. They then charge them with full commissions for its sale. They record the Warner trust deed April 30, 1895, ten days before they record the Kohn trust deed. They procure a title guarantee certificate upon the Warner mortgage, in which that

mortgage is subject to nothing except the rights of parties in possession. They take out a title guarantee certificate upon the Kohn mortgage, making it subject to the Warner mortgage. When the first payment of interest is due on the Warner mortgage, they charge Leary and wife with such interest from the date of the note and trust deed. They pay the Knott & Lewis incumbrance on June 11, 1895, and on the next day pay out the remainder of the $12,000 —thus closing out this entire account six months before the Warner mortgage was sold to Gray.

It follows that the Kohn mortgage is subject and not superior to the Warner mortgage. In this view of the case it is unnecessary for us to consider any other of the contentions raised by appellant. Considering the entire record, we can not say that the findings of the decree are manifestly against the evidence.

The decree of the Circuit Court will be affirmed.